IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | CASE NO. 2:04-cv-540-F WO |
| AFFORDABLE HOMES OF TROY, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On June 2, 2004, Plaintiff State National Insurance Company (hereinafter "Plaintiff")

commenced this declaratory judgment action against the defendants Affordable Homes of

Troy, LLC, Jerry Martin, Diane Martin and Bill Flora.  (Doc. # 1).  Plaintiff requests the

court, pursuant to the Federal Declaratory Judgment Act,  28 U.S.C. § 2201[1] *et seq.*, to

determine whether it is obligated to indemnify and defend defendants Affordable Homes of

---

[1]  The Declaratory Judgment Act provides:
**(a)** In a case of actual controversy within its jurisdiction, except with respect to
Federal taxes other than actions brought under section 7428 of the Internal Revenue
Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil
action involving an antidumping or countervailing duty proceeding regarding a class
or kind of merchandise of a free trade area country (as defined in section 516A(f)(10)
of the Tariff Act of 1930), as determined by the administering authority, any court
of the United States, upon the filing of an appropriate pleading, may declare the
rights and other legal relations of any interested party seeking such declaration,
whether or not further relief is or could be sought. Any such declaration shall have
the force and effect of a final judgment or decree and shall be reviewable as such.
**(b)** For limitations on actions brought with respect to drug patents see section 505 or
512 of the Federal Food, Drug, and Cosmetic Act.

28 U.S.C. § 2201.

Troy, LLC, (hereinafter "Affordable Homes"),  Jerry Martin and Diane Martin (hereinafter collectively "the Martins" or "Mr. Martin" and "Mrs. Martin") against the counterclaims asserted by defendant Bill Flora (hereinafter "Flora") in an underlying state court lawsuit.

This cause is before the court on the Motion for Summary Judgment filed by Plaintiff on February 16, 2005.  (Doc. # 20).  After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court concludes that the motion for summary judgment is due to be GRANTED.

## I.  FACTS[2] AND PROCEDURAL HISTORY

The facts are undisputed.  Affordable Homes was organized for the primary purpose of operating a mobile home/manufactured home sales lot.  Affordable Homes hired Flora as a salesperson to sell re-manufactured or repossessed manufactured mobile homes to the general public.  According to the employment terms, Flora was to receive $300.00 per week as compensation for his services.  Thereafter, Affordable Homes increased Flora's rate of compensation to $450.00 per week.

Soon after hiring Flora, Mr. Martin, the manager and also part owner of Affordable Homes, became ill and could not work in the office.  During Mr. Martin's absence, Flora sold manufactured homes on behalf of Affordable Homes, but kept all cash paid by the purchaser for himself.  In 2002, Mr. Martin returned to the office and discovered a lack of deposits and unusual transactions.  After closer examination, the Martins came to believe that Flora had

---

[2]  This recitation of "facts" is based upon materials presented by the parties.

embezzled funds in excess of $60,000.00 from Affordable Homes since June 2000.

*A.      Underlying Lawsuit*

On September 12, 2003, Affordable Homes filed a lawsuit in the Circuit Court of Pike County, Alabama asserting claims of conversion and breach of contract against Flora. (Mot. Summ. J., Ex. 2).   According to the Complaint, the Martins seek $100,000.00 in compensatory damages and $400,000.00 in punitive damages against Flora. (*Id.*).

On October 20, 2003, Flora answered the Complaint and filed a Counterclaim against Affordable Homes and the Martins. (*Id.* at Ex. 3).  In the Counterclaim, Flora alleges that he was employed or designated by Affordable Homes as "manager to manage the business" and that all monies received by him constituted legitimate compensation permitted under the limited liability company agreement.  Flora asserts that the Martins "have slandered, libeled, and defamed" his name and reputation by wantonly and maliciously publishing false statements against him. (*Id.*).  Flora brings the following claims against the Martins and Affordable Homes:   (1) liable and slander, (2) malicious prosecution,[3] (3) intentional infliction of emotional distress, (4) intentional interference with a business relationship, (5) a request for an accounting, and (6) a request for injunctive relief regarding "funds, assets or property allegedly owned or in the control of the Martins." (*Id.*).  By the Counterclaim, Flora seeks compensatory damages in the amount of one million dollars, punitive damages,

---

[3] On May 14, 2003, Mrs. Martin filed a criminal complaint against Flora which resulted in his arrest and prosecution on June 2, 2003 for possession of a forged instrument. (Mot. Summ. J., Ex. 4).

attorney's fees and court costs.

B.      *Insurance Policy At Issue*

From December 21, 2001 through December 21, 2002, "Diane Martin, d/b/a

Affordable Homes" was insured under a commercial general liability insurance policy issued

by Plaintiff, policy number RPB313409 (hereinafter "Policy").  The Policy provided, in

pertinent part:

> **SECTION 1- COVERAGES**
> **COVERAGE A.   BODILY INJURY AND PROPERTY DAMAGE**
> **LIABILITY**
> > **1.  Insuring Agreement**
> > a.      We[4] will pay those sums that the insured becomes legally
> > obligated to pay as damages because of "bodily injury" or
> > "property damage" to which this insurance applies.  We will
> > have the right and duty to defend the insured against any "suit"
> > seeking those damages.  However, we will have no duty to
> > defend the insured against any "suit" seeking damages for
> > "bodily injury"or "property damage" to which this insurance
> > does not apply.  We may at our discretion, investigate any
> > "occurrence" and settle any claim or "suit" that may result.
> > b.      This insurance applies to "bodily injury" and
> > "property damage" only if:
> > > (1)     The "bodily injury" or "property damage"
> > > is caused by an "occurrence" that takes
> > > place in the "coverage territory"; and
> > > (2)     The "bodily injury" or "property damage"
> > > occurs during the policy period.

(Doc. # 20, Ex. 1, Policy, p. 1 of 16).  The subject policy also contains the following

exclusion:

---

[4] Under the Policy, the words "we", "us" and "our" refer to Plaintiff and the words "you"
and "your" refer to the Named Insured, i.e., Affordable Homes and Mrs. Martin, and any other
person or organization qualifying as a Named Insured under the policy. (Policy, p. 1 of 13).

**2. Exclusions**

This insurance does not apply to . . .

**e.      Employer's Liability**

"Bodily injury[5]" to:

(1) An "employee" of the insured arising out of and in the course of:

(a)  Employment by the insured; or

(b)  Performing  duties  related  to  the conduct of the insured's business; or . . . .

\*\*\*

This exclusion applies:

(1) Whether  the  insured  may  be  liable  as  an employer or in any other capacity; and

(2) To any obligation to share damages with or repay  someone  else  who  must  pay  damages because of this injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

(*Id*. at p. 2 of 16).  This Policy also contains an Employment-Related Practices Exclusion

which modifies the above-section of the Policy as follows:

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

(a)  Refusal to employ that person;

(b)  Termination of that person's employment; or

(c)  Employment-related practices, policies, acts or omissions, such  as  coercion,  demotion,  .  .  .  defamation,  harassment, humiliation, or discrimination directed at that person; or . . .

(*Id*. at Employment-Related Practices Exclusion).  This exclusion applies "whether the

insured may be liable as an employer or in any other capacity. . . ."  (*Id*. at Exclusion).

---

[5]  "Bodily injury" is defined in the Policy as "bodily, injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Policy at p. 13 of 16).

The Policy also provides coverage for personal and advertising injury liability:

> **COVERAGE B.     PERSONAL AND ADVERTISING INJURY LIABILITY**
> **1. Insuring Agreement**
> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury[6]" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. . . .
> **2. Exclusions**
> This insurance does not apply to:
> "Personal and advertising injury" to:
> (1) A person arising out of any:
>    (a)  Refusal to employ that person;
>    (b)  Termination of that person's employment; or
>    (c)  Employment-related practices, policies, acts or omissions, such as coercion, demotion, . . . defamation, harassment, humiliation, or discrimination directed at that person; or

(Policy at pp. 5-6 of 16; Employment-Related Practices Exclusion). This exclusion also applies "whether the insured may be liable as an employer or in any other capacity. . . " (*Id.* at Exclusion).

*C.     This Lawsuit and the Motion for Summary Judgment*

As previously mentioned, on June 2, 2004, Plaintiff commenced this declaratory

---

[6]   "Personal and advertising injury" is defined in the Policy as "injury, including consequential 'bodily injury' arising out of one or more of the following offenses: (a) False arrest, detention or imprisonment; (b) malicious prosecution; (c) the wrongful eviction . . .; (d) oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services. . . ." (Policy at p. 14 of 16)

judgment action against the defendants Affordable Homes, the Martins and Flora. (Doc. # 1, Compl.). On July 6, 2004, Defendant Flora filed an Answer. (Doc. # 5). On November 2, 2004, due to the other defendants' failure to plead or otherwise defend themselves in the action, the Clerk of the Court entered a default against those defendants. (Doc. # 10).

On February 16, 2005, Plaintiff filed a motion for summary judgment arguing that there are no disputed issues of material fact and it is entitled to judgment as a matter of law against all defendants. (Doc. # 20, Mot. Summ. J.). Defendants Affordable Homes and the Martins have failed to defend themselves in this lawsuit and filed no opposition to the motion for summary judgment. Despite those defendants' inaction, namely, the insured defendants' inaction, Flora has provided a defense in this lawsuit and filed a response in opposition to the motion for summary judgment.[7] (Doc. # 26, Resp. Mot. Summ. J.). The motion is now ripe

---

[7] Interestingly, Flora's response to the motion for summary judgment is a meager one. Rather than proffering a response in accordance with Fed. R. Civ. 56, Flora asserts that his Answer

> contains a complete and ample statement both of his pleading response and also all contentions and argument in opposition to the declaratory judgment proceeding brought by the Plaintiff in this cause and he respectfully draws the Court's attention to the contents of that Answer which he states that they represent a full and sufficient opposition to the Motion for Summary Judgment.

(Resp. Mot. Summ. J.). Contrary to Flora's assertion, his Answer is insufficient to properly oppose summary judgment. *See* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.") Accordingly, as Flora merely rests on his pleadings, the court finds that his unsupported, meager opposition to Plaintiff's motion for summary judgment warrants no discussion in this Opinion and poses no bar to the court finding in Plaintiff's favor.

for the court's consideration.

## II.  JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant 28 U.S.C. §

1332, based upon the parties' diversity of citizenship[8] and an amount in controversy

exceeding $75,000.00, exclusive of interest and costs.  The parties contest neither personal

jurisdiction nor venue.

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment can be entered on a claim only if it is shown "that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the court is to

construe the evidence and factual inferences arising therefrom in the light most favorable to

the nonmoving party.[9]  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *Mize v.*

---

[8]  Plaintiff State National Insurance Company is a Texas corporation with its principal place of business in Texas.  Defendant Affordable Homes of Troy, LLC, a/k/a Affordable Homes, LLC, is an Alabama limited liability corporation with its principal place of business in Alabama and Defendants Jerry Martin, Diane Martin and Bill Flora are Alabama residents.  (Compl.).

[9]  The Supreme Court explained that:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted).

*Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). This standard can be met by the movant, in a case in which the ultimate burden of persuasion at trial rests on the nonmovant either by submitting affirmative evidence negating an essential element of the nonmovant's claim or by demonstrating that the nonmovant's evidence itself is insufficient to establish an essential element of his or her claim. *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986).

The burden then shifts to the nonmovant to make a showing sufficient to establish the existence of an essential element to its claims, and on which it bears the burden of proof at trial. To satisfy this burden, the nonmovant cannot rest on its pleadings, but must, by affidavit or by other means, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the nonmoving party does not respond to a motion for summary judgment, the court may grant a motion for summary judgment in favor of the moving party, if defendant's presentation is sufficient to justify the court's conclusion. *Id.*

The court's function in deciding a motion for summary judgment is to determine whether there exist genuine, material issues of fact to be tried; and if not, whether the movant is entitled to judgment as a matter of law. *See Dominick v. Dixie Nat'l Life Ins. Co.*, 809 F.2d 1559 (11th Cir. 1987). It is substantive law that identifies those facts which are material on

motions for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986); *see also De Long Equip. Co. v. Washington Mills Abrasive Co.*, 887 F.2d 1499 (11th Cir. 1989).

When a court considers a motion for summary judgment, it is to refrain from deciding any material factual issues. All evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The movant bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. Co. v. M/V/ Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Consideration of a motion for summary judgment does not lessen the burden on the nonmoving party, i.e., the nonmoving party still bears the burden of coming forth with sufficient evidence on each element that must be proved.[10] *Earley*, 907 F.2d at 1080. *See*

---

[10] "[I]f on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury, . . . [the court must] grant summary judgment [for the defendant]." *Earley*, 907 F.2d at 1080 (citations omitted). In *Earley*, the Court of Appeals further emphasized:

> "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.
>
> ***
>
> If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted) (emphasis added); *accord Hudson v. Southern Ductile Casting Corp.*, 849 F.2d 1372, 1376 (11th Cir. 1988).

907 F.2d at 1080-81.

*Celotex*, 477 U.S. at 322-23.   The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings.  *Celotex*, 477 U.S. at 324.

## IV.  DISCUSSION

*A.      Basic Law* [11]

"An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured." *Ajdarodini v. State Auto Mut. Ins. Co.*, 628 So.2d 312, 313 (Ala. 1993); *Ladner & Co., Inc. v. Southern Guar. Ins. Co.*, 347 So.2d 100, 102 (Ala. 1977).  "If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured." *Chandler v. Alabama Mun. Ins. Co.*, 585 So.2d 1365, 1367 (Ala. 1991) (internal citations omitted).

*B.      Policy Coverage*

In this case, there is no dispute that the Policy was in effect at the time of the actions at issue [12] nor that Defendants Affordable Homes and the Martins were insured under the

---

[11]  Because the court has jurisdiction in this case based on diversity of citizenship, the court must apply the substantive law of the forum state–in this instance, Alabama. *See Gasperini v. Center of Humanities, Inc.*, 518 U.S. 415, 427 (1996).

[12]  For the purposes of this Opinion, the court finds that there is no factual dispute of this issue as the Complaint and Counterclaim filed in the underlying state court lawsuit fail to denote any specific dates for the actions alleged therein.

Policy.    Rather, Plaintiff argues that the Employment-Related Practices Exclusion (hereinafter "Exclusion") precludes insurance coverage for the disputed acts alleged in Flora's Counterclaim.  The court now turns to address this argument.

As set forth above, the Exclusion modifies the insurance coverage provided under the Policy.  Specifically, this Exclusion amends the employer's liability to exclude from coverage any "bodily injury" and "personal and advertising injury" to:

> (1) A person *arising out of* any:
>     (a)  Refusal to employ that person;
>     (b)  Termination of that person's employment; or
>     (c)  *Employment-related practices*, policies, acts or omissions, such as coercion, demotion, . . . *defamation*, harassment, humiliation, or discrimination directed at that person; or . . . .

(Exclusion) (emphasis added).  This exclusion applies "whether the insured may be liable as an employer or in any other capacity. . ."  (*Id.*).

Flora alleges in his Counterclaim that he was employed by Affordable Homes, and that Affordable Homes and the Martins have "slandered, libeled, and defamed" his name and reputation by "wantonly and maliciously publishing false statements against [him] saying that he illegally stole, converted, or embezzled funds" from them.  (Mot. Summ. J., Ex. 3).  On its face, it is apparent that the claims alleged in the Counterclaim fall squarely within the Exclusion.  There is no dispute that any defamatory statements made regarding Flora were made in relation to his employment with Affordable Homes.  Moreover, there is no question that Flora's criminal prosecution, the Pike County civil lawsuit, and all acts of the Martins against him arose out of employment-related practices of the Martins d/b/a Affordable

Homes.  Simply stated, all of the alleged wrongful acts asserted in the Counterclaim are immediately germane to Flora's employment with Affordable Homes and the Martins.  As such, the acts alleged in the Counterclaim are within the provisions of the Exclusion and therefore are barred from coverage.  *See Butler v. Michigan Mut. Ins. Co.,* 402 So.2d 949, 952 (Ala. 1981) ("any defamatory statements made were directly or indirectly related to [plaintiff's] employment with the [insured], and thus were within the exclusionary provisions of the insurance policy").[13]

Furthermore, the unequivocal language of the Exclusion encompasses the specific injuries alleged by Flora in his Counterclaim.  As previously noted, "personal and advertising injury" is defined in the Policy as "*injury, including consequential 'bodily injury' arising out of one or more of the following offenses*: (a) *False arrest*, detention or imprisonment; (b) *malicious prosecution*; (c) the wrongful eviction . . .; (d) oral or written publication, in any manner, of material that *slanders or libels a person* or organization or disparages a person's or organization's goods, products or services . . ." (Policy at p. 14 of 16) (emphasis added). In his Counterclaim, Flora alleges claims of, among others, libel and slander, malicious prosecution and intentional infliction of emotional distress.  The posture of these claims are unquestionably enumerated within the Exclusion.  As a result, this court is compelled to conclude that the clear and unequivocal language of the Policy warrants preclusion of

---

[13]  The court notes that the exclusionary provision in *Butler* was strikingly similar to the exclusion at issue in the case *sub judice*.  To wit, the exclusionary provision in *Butler* stated that the insurance did not apply to personal injuries sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured.  402 So.2d 949.

insurance coverage for the acts alleged in Flora's Counterclaim.

> Where the underlying claim– claim for personal injuries based upon the
> employer/employee relationship– is explicitly enumerated within the
> exclusionary language of the policy, subsequent claims, whether sounding in
> contract or in tort, seeking to enforce the original obligations, are likewise
> excluded from coverage, both as to duty to defend and as to the duty to assume
> any obligation of payment.

*Carter v. Cincinnati Ins. Co.,* 435 So.2d 42, 45 (Ala. 1983).  Accordingly, this court finds

that Plaintiff is entitled to judgment as a matter of law in this declaratory judgment action.[14]

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is due to be

GRANTED.  A separate order will be entered in accordance with this Memorandum Opinion.

DONE this 5th day of May, 2005.


                                        /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[14] The court pretermits discussion of Plaintiff's additional arguments in support of summary judgment as it finds that the issues addressed in this Opinion are dispositive.